987 So.2d 455 (2008)
John Charles McGRIGGS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01927-COA.
Court of Appeals of Mississippi.
April 1, 2008.
Rehearing Denied July 29, 2008.
*456 W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by Deshun T. Martin, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
MYERS, P.J., for the Court.
TRIAL COURT DISPOSITION: CONVICTED OF RAPE AND SENTENCED TO SERVE A TERM OF EIGHTEEN YEARS IN THE CUSTODY OF THE MDOC UNDER THE CONDITION OF MISSISSIPPI CODE ANNOTATED SECTION 47-7-3(1)(b) (REV.2004).[1]
¶ 1. John Charles McGriggs was convicted by a jury in the Circuit Court of Warren County of rape and sentenced to serve *457 a term of eighteen years in the custody of the Mississippi Department of Corrections. McGriggs appeals, seeking a review of whether the trial court erred in (1) allowing a responding police officer to testify regarding his opinion of whether the victim had been raped and (2) admitting certain testimony of the emergency room physician. Finding no error in the decisions of the trial court, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On the evening of August 19, 2004, V.M.[2] accepted a ride from McGriggs in Vicksburg, Mississippi. According to V.M.'s testimony, upon her acceptance of the ride, McGriggs drove her to a dead-end street and repeatedly beat and raped her. V.M. escaped from the vehicle, partially nude, and flagged down an oncoming vehicle for help. The driver of the vehicle called 911 and reported the situation. Police arrived on the scene and placed an alert for the vehicle McGriggs was last seen driving. V.M. was transported to the emergency room at River Region Medical Center where she was given a rape examination and provided treatment by Dr. Brian Hudson. McGriggs was later apprehended and arrested for rape.

STANDARD OF REVIEW
¶ 3. "The standard of review for either the admission or exclusion of evidence is abuse of discretion." Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss.2002). Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004).

DISCUSSION
¶ 4. We begin our discussion by noting that each of McGriggs's complaints concerns a matter in which no objection was lodged contemporaneously at trial. A contemporaneous objection must be made when a witness gives objectionable testimony so that the trial judge has the opportunity to correct the error and properly instruct the jury. Wells v. State, 698 So.2d 497, 514 (Miss.1997) (citing Ballenger v. State, 667 So.2d 1242, 1272 (Miss.1995)). Failure to raise a timely objection constitutes waiver of the issue on appeal. Id. "[A] party who fails to make a contemporaneous objection at trial must rely on plain error to raise the issue on appeal, because it is otherwise procedurally barred." Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss. 1994)). Only an error so fundamental that it creates a miscarriage of justice rises to the level of plain error. Dixon v. State, 953 So.2d 1108, 1116(¶ 22) (Miss.2007). Error is plain when it violates the substantive rights of a defendant. Id. Our discussion now turns to whether the trial court's admission of certain testimony constituted plain error and violated McGriggs's substantive rights.

I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE OPINION TESTIMONY OF THE RESPONDING OFFICER.
¶ 5. Officer Kenneth Brown testified at trial to his involvement with the investigation of the rape case. On redirect examination, Officer Brown was questioned whether or not he determined or gathered knowledge that a rape took place. Officer Brown responded, "I had very much evidence, in my opinion, that a rape did take place." No objection was made following this statement, and the redirect *458 examination was concluded. Now, on appeal, McGriggs seeks reversal of his conviction due to the admittance of Officer Brown's statement, claiming it constituted plain error.
¶ 6. Pursuant to Mississippi Rule of Evidence 701, testimony in the form of opinions or inferences is admissible if "(a) rationally based upon the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Our review of the testimony reveals that Officer Brown, in fact, was not testifying that McGriggs raped the victim. Rather, the officer was testifying that during his investigation, he concluded that a rape had taken place. This opinion was based on his personal perception upon his arrival at the scene, where Officer Brown observed V.M. partially nude and battered with visible injuries to her face and body. This type of statement, concerning the officer's investigation and his findings falls entirely within the acceptable scope of admissibility under Rule 701. Finding no violation of McGriggs's substantive rights, we hold that the trial court did not err in allowing the opinion testimony of the responding officer. We find this issue to be without merit.

II. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE EXPERT TESTIMONY OF THE TREATING PHYSICIAN.
¶ 7. At trial the State commenced its case against McGriggs with the testimony of the treating physician, Dr. Hudson, who was admitted as an expert. Dr. Hudson's testimony served to describe his observation and treatment of V.M. upon her arrival at the hospital. Dr. Hudson also testified that during the course of treatment, V.M.'s blood alcohol level was taken and registered at 0.123. McGriggs complains of Dr. Hudson's testimony regarding his opinion of the cause of the injuries V.M. sustained, as well as the level of impairment V.M. was experiencing as a result of her intoxication.
¶ 8. The following testimony was elicited by the State from Dr. Hudson regarding the cause of V.M.'s injuries:
Q. Doctor, based on your training and experience and to a reasonable degree of medical certainty, are the injuries that you observed on [V.M.] consistent with consensual sex?
A. No.
Q. Can you explain your answer, please?
A. Well, obviously, as we have seen by the pictures and by the medical records, she was beaten pretty significantly about the face, multiple abrasions on the back and vaginal lacerations which would not be consistent with consensual sex.
Q. How difficult is it to damage a vagina?
BY THE DEFENSE ATTORNEY: Objection, Your Honor. That causes for speculation. How difficult it is.
BY THE COURT: Well, with the training of this doctor, I'll overrule that objection.
A. I'll answer it this way. The vagina is not lacerated in consensual sex.
No objection was made following the doctor's last answer, and questioning was concluded. On appeal, McGriggs now complains that the trial court's admission of Dr. Hudson's testimony that "[t]he vagina is not lacerated in consensual sex" was improper expert testimony and should have been stricken.
¶ 9. Because no contemporaneous objection was made to the testimony, we review McGriggs's claim that it constituted *459 plain error. Williams, 794 So.2d at 187(¶ 23). An expert may base his opinion testimony upon his own personal observation pursuant to Mississippi Rule of Evidence 703. M.R.E. 703 cmt. Here, the doctor did not render an opinion that the victim had been raped; he merely recounted the victim's physical condition upon her arrival and while under his care, noting that it was his opinion that the vagina is not lacerated during consensual sex. Dr. Hudson's testimony was based upon his own personal observation of V.M. and his experience as a physician. The admissibility of expert testimony rests within the broad discretion of the trial court. Webb v. Braswell, 930 So.2d 387, 396-97(¶ 15) (Miss.2006). We cannot say that the trial court abused its discretion in determining that the testimony was admissible.
¶ 10. McGriggs additionally complains on appeal that Dr. Hudson was not qualified to offer the expert opinion that a blood alcohol reading of 0.123 is mild intoxication and that it would not affect a patient's recall. When questioned by defense counsel, Dr. Hudson responded that in regard to affecting a person's recollection, a 0.123 level of intoxication is not an acute degree of intoxication. Further, Dr. Hudson testified that he observed the victim and noted that she was completely alert and oriented, despite her intoxication. McGriggs argues that Dr. Hudson's testimony regarding levels of intoxication was outside of his area of expertise, as only a toxicologist could testify whether certain levels of intoxication could affect recall. This testimony at issue was elicited during cross-examination, and no objection was lodged at the time this testimony was presented. As stated above, a contemporaneous objection must be made at the time of the testimony, or else the issue is waived on appeal unless a substantial right of the defendant would be violated. Williams, 794 So.2d at 187(¶ 23).
¶ 11. "Questions concerning the qualification of a person to testify as an expert are committed to the sound discretion of the trial court and [an appellate court] does not reverse such decisions absent a showing that such discretion has been abused and the witness is clearly not (Miss.1998)" (citing Cooper v. State, 639 So.2d 1320, 1325 (Miss.1994)). "The test to determine whether a witness is qualified to give expert testimony or opinion is whether the witness possesses peculiar knowledge or information regarding relevant subject matter that is not possessed by the layman." Id. (citing May v. State, 524 So.2d 957, 963 (Miss.1988)).
¶ 12. Dr. Hudson was qualified by the trial court as an expert in the field of emergency medicine and allowed to testify regarding V.M.'s level of intoxication, as well as his knowledge concerning the impairment associated with intoxication. Before the trial qualified Dr. Hudson, he testified to having completed a three-year residency in family medicine and becoming board certified in that area. At the time of trial, Dr. Hudson had practiced emergency medicine at River Region Medical Center for seven years. At the close of Dr. Hudson's voir dire, the defense accepted him as an expert. Based upon Dr. Hudson's qualifications, as well as the defense's acceptance of Dr. Hudson as an expert in emergency medicine, we cannot find that the trial court erred in allowing the testimony regarding V.M.'s level of intoxication. Finding that the trial court did not err in admitting the expert testimony of the treating physician, we hold that this issue is without merit.

III. WHETHER THE STATE OF MISSISSIPPI FAILED TO COMPLY WITH THE MISSISSIPPI *460 RULES OF APPELLATE PROCEDURE.
¶ 13. On a separate note, we find it necessary to express our severe dissatisfaction with the State's briefing on the issues presented in this appeal. This Court, as well as all courts in this state, expects the State of Mississippi to advocate its positions in accordance with the Mississippi Rules of Appellate Procedure.[3] We believe the State has provided an insufficient brief, falling below the expectation of this Court.
¶ 14. For instance, Mississippi Rule of Appellate Procedure 28(a)(5) requires a summary of the argument and provides the following guidelines: "The summary, suitably paragraphed, should be a succinct, but accurate and clear, condensation of the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged." The entire substance of the summary provided by the State only provides citations to Mississippi Rules of Evidence 701 and 703 and block quotations of those rules in full. There is no discussion regarding the applicability of the rules to the issues at hand. There are no supportive sentences accompanying the rules. Nor is there any reference to the argument that lies ahead.
¶ 15. Further, Mississippi Rule of Appellate Procedure 28(a)(6) prescribes the content of the brief. The argument portion of the brief shall "contain the contentions of appellant [or appellee] with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." The State's brief is devoid of any arguments or case law, whatsoever, in either issue addressed on appeal. Instead, a significant portion of the State's brief merely contains block quotations from more than four pages of the trial transcript without any explanation to the relevance of such excerpts. While citation to portions of the record is encouraged, the citations are not to be the sole support for State's position in lieu of a substantive argument, itself. There is no analysis connected with the block-quoted sections of the record, and the State ends its "discussion" of each issue with the sentence, "This issue brought by the Appellant is therefore lacking in merit." Even more shocking to this Court is that upon our review of McGriggs's argument in Issue I, we realize that the section of the record excerpted by the State does not correlate to any argument raised within the issue by McGriggs's brief.
¶ 16. We are unimpressed with the lack of effort expended by the State in formulating its brief. We hope discussion of this matter serves as a reminder to members of the Bar of the importance of meeting the standards promulgated by our supreme court in the Mississippi Rules of Appellate Procedure.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OF CONVICTION OF RAPE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS UNDER THE CONDITION OF MISSISSIPPI CODE ANNOTATED SECTION 47-7-3(1)(b) (REV.2004) IS AFFIRMED. ALL COSTS OF THIS *461 APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., Concur.
NOTES
[1] There is an obvious scrivener's error in the sentencing order citing to Mississippi Code Annotated section 47-7-3(6) which should have been cited as Mississippi Code Annotated section 47-7-3(1)(b) (Rev.2004).
[2] This Court does not reveal the names of victims of sexual crimes.
[3] Mississippi Rule of Appellate Procedure 28 imposes requirements as to the form and content of the parties' submitted briefs. The content requirements for the appellee's brief shall conform to the requirements for the appellant's brief, except the appellee is not mandatorily required to provide a separate statement of the issues or of the case. M.R.A.P. Rule 28(b).