LEE, P.J., for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. A jury in the Hinds County Circuit Court convicted Robert R. Murray of gratification of lust. Murray was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Murray filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion, and Murray subsequently appealed. In his appeal, Murray argues the following: (1) the trial court erred in allowing Angie Garnand to give expert testimony beyond the scope of her qualification; (2) the trial court erred in allowing Melinda, the victim’s mother, to offer hearsay testimony regarding what the victim told her after the alleged incident; (3) the trial court erred in allowing Clifton, Melinda’s uncle, to testify, as the State committed a discovery violation by failing to disclose Clifton’s testimony prior to trial; and (4) cumulative error deprived him of his fundamental right to a fair trial.
 

 FACTS
 

 ¶ 2. On or about May 17, 2005, five-year-old R.S.
 
 [1]
 
 was asleep at her grandmother’s house. Murray, the grandmother’s husband, was present, but the grandmother was not at home. R.S. was sleeping in a back room of the house with two other young family members. According to R.S., Murray took her to her grandmother’s bedroom and removed her pants and underwear. Murray removed his clothes and began to rub his penis on her vaginal area. R.S. told Murray that he was hurting her and asked him to stop. Murray responded that he would “whoop” her if she told anyone.
 

 ¶ 3. R.S. subsequently reported the incident to her mother, Melinda. Melinda and her uncle, Clifton, took R.S. to the Central Mississippi Medical Center Emergency Room, where R.S. was examined by Gar-
 
 *741
 
 nand, a registered nurse. Garnand testified that R.S. told her that “the man had taken her pants and panties off and humped her privates.” R.S. also told Gar-nand that this assault hurt her. A physical examination revealed abrasions at the base of R.S.’s vagina, bruising on the right side of the vagina, an open vaginal canal, and redness and abrasions on the inner labia.
 

 DISCUSSION
 

 I. ANGIE GARNAND’S TESTIMONY
 

 ¶4. In his first issue on appeal, Murray argues that the trial court erred in allowing Garnand to give expert testimony beyond the scope of her qualifications. The admissibility of expert testimony is within the sound discretion of the trial court, and its decision to admit expert testimony will not be reversed unless the decision is “arbitrary and clearly erroneous, amounting to an abuse of discretion.”
 
 Bishop v. State,
 
 982 So.2d 371, 380(¶33) (Miss.2008).
 

 ¶ 5. The State offered Garnand as an expert in the field of emergency medicine and sexual assault examination. Murray objected to her qualifications. The trial court sustained part of Murray’s objection concerning Garnand’s testimony as to whether the injuries were consistent with sexual assault. The trial court opined that such testimony was “a roundabout way of asking about a diagnosis.” On cross-examination, Murray’s trial counsel asked Gar-nand a number of questions concerning what activities might have caused R.S.’s injuries. Garnand testified that bruising on the genitals could be caused by a number of things, including accidents or normal play. After cross-examination, the trial court reversed its earlier ruling that Garnand could not testify that R.S.’s injury was consistent with sexual assault. The trial court stated as follows:
 

 Now on cross-examination[,] the defense has gone through a litany of several things eliciting [Garnand’s] conclusions or opinions concerning other matters in which these injuries would be consistent and thereby has opened the door for the State to, likewise, attempt to elicit testimony as to whether or not in [Gar-nand’s] opinion the injuries were consistent with sexual assault. ■
 

 On redirect, the State asked Garnand if the injuries that she had observed were consistent with the history given to her by R.S., namely that a penis came in contact •with R.S.’s vagina. Garnand responded in the affirmative.
 

 ¶ 6. Murray contends that a defendant cannot open the door to incompetent or unqualified expert-opinion evidence. Although Murray concedes there is no case law directly addressing this issue, Murray cites to
 
 Murphy v. State,
 
 453 So.2d 1290 (Miss.1984) in support of his position. In
 
 Murphy,
 
 the supreme court determined that one cannot open the door to hearsay evidence, because “[hjearsay is incompetent evidence.”
 
 Id.
 
 at 1294. In
 
 Murphy,
 
 the State elicited double hearsay from a witness whose testimony purported to be a statement by the defendant Murphy to a third party that the third party had relayed to the witness.
 
 Id.
 
 We find that
 
 Murphy
 
 is distinguishable from the case at bar because the erroneously admitted evidence in
 
 Murphy
 
 was hearsay, not expert-opinion testimony. Furthermore, the State’s proof linking Murphy to the murder was circumstantial. In the present case, R.S. had testified that Murray had sexually assaulted her.
 

 ¶ 7. Garnand was not testifying that R.S.’s injuries were, in fact, caused by sexual abuse. Rather, Garnand’s testimony was simply that the injuries were con
 
 *742
 
 sistent with R.S.’s account that she had been sexually abused. Garnand also testified that R.S.’s injuries could occur from normal play or an accident. We further find that the trial court should not have initially restricted Garnand’s testimony. The trial court stated that only a physician can render a diagnosis. However, nursing professionals routinely testify as to whether a victim’s injuries are consistent with a sexual assault.
 
 See Havard v. State,
 
 988 So.2d 322, 332(¶ 29) (Miss.2008) (nurse testified that injuries received by minor victim were the result of sexual trauma);
 
 Adams v. State,
 
 772 So.2d 1010, 1017(¶ 29) (Miss.2000) (nurse testified that the victim’s hymen was torn and that this injury was consistent with penetration by a penis, finger, or other object). Garnand was an experienced emergency room nurse and had conducted between seventy-five and one hundred sexual assault examinations. Since Garnand had personally conducted the examination of R.S., her testimony assisted the jury and was both relevant and reliable. In reviewing a trial court’s ruling, an appellate court should affirm if the correct result was reached even though it may disagree with the reason for the result.
 
 Allen v. State,
 
 960 So.2d 489, 494(¶ 21) (Miss.Ct.App.2006). We find that the admission of Garnand’s testimony was not an abuse of discretion. This issue is without merit.
 

 II. HEARSAY TESTIMONY
 

 ¶ 8. In his second issue on appeal, Murray argues that Melinda, R.S.’s mother, should not have been allowed to testify that R.S. told her that Murray had sexually assaulted her. Murray argues that this statement was inadmissible hearsay. Murray objected to Melinda’s statement on the ground of hearsay. The trial court overruled the objection and admitted the statement. The trial court determined that the statement had probative value in explaining why Melinda took R.S. to the hospital. The trial court instructed the jury to consider this testimony for the limited purpose as to why Melinda took certain actions and not for whether R.S. was molested.
 

 ¶ 9. A trial court’s decision to admit or exclude testimony is reviewed for abuse of discretion.
 
 McGriggs v. State,
 
 987 So.2d 455, 457(¶ 3) (Miss.Ct.App.2008). “Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party.”
 
 Id.
 
 Under Mississippi Rule of Evidence 801(c), hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” The trial court determined that the statement by Melinda was not hearsay because the statement was not being offered to prove that R.S. was sexually assaulted. We agree and find no abuse of discretion by the trial court in admitting Melinda’s statement.
 

 ¶ 10. The trial court also stated that, pursuant to
 
 Fells v. State,
 
 345 So.2d 618, 620-23 (Miss.1977), R.S.’s statement to Melinda was a first report and, therefore, an exception to the hearsay rule. However, according to
 
 Pierce v. State, 2
 
 So.3d 641, 644(¶ 13) (Miss.Ct.App.2008), there is no first-report exception to the hearsay rule. Although the trial court erred in this determination, we find no error since we find that the statement was not hearsay.
 

 ¶ 11. Even if we were to determine that the statements were hearsay, we find that any error is harmless. The jury heard the same evidence admitted through the testimony of R.S. and Garnand.
 

 III. DISCOVERY VIOLATION
 

 
 *743
 
 ¶ 12. In his third issue on appeal, Murray argues that the State failed to provide the substance of Clifton’s testimony to the defense prior to trial. We review a trial court’s ruling pertaining to alleged discovery violations for abuse of discretion.
 
 Montgomery v. State,
 
 891 So.2d 179, 181(¶ 6) (Miss.2004). Pursuant to Rule 9.04(A)(1) of the Uniform Rules of Circuit and County Court, the State is required to disclose the names and addresses of “all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the substance of any oral statement made by any such witness.” Murray contends that the State committed a technical discovery violation because the State did not prepare a written summary of Clifton’s testimony and present it together with Clifton’s name and address. The trial comb found that the police report indicated that Melinda took R.S. to Clifton’s house, R.S. told Clifton about the abuse, and Clifton recommended that they go to the hospital. The trial court found that the substance of Clifton’s testimony was provided through this police report; and although the police report did not go into the specific details of Clifton’s testimony, this was sufficient to put the defense on notice as to Clifton’s testimony.
 

 ¶ 13. We note that Murray failed to request a continuance and that “the failure to request a continuance constitutes a waiver of the discovery violation.”
 
 Sims v. State,
 
 928 So.2d 984, 988(¶ 19) (Miss.Ct. App.2006). Regardless of the procedural bar, we cannot find any abuse of discretion by the trial court in allowing Clifton to testify. This issue is without merit.
 

 IV. CUMULATIVE ERROR
 

 ¶ 14. In his final issue on appeal, Murray argues that the cumulative error deprived him of his fundamental right to a fair trial. Finding that each of Murray’s arguments is without merit, we consequently do not find any cumulative error that would necessitate a reversal. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . The Court of Appeals declines to identify the names of victims in sexual assault cases. We will refer to the victim's family members by their first names.