LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Dexter Ezell was convicted of sale of a controlled substance within 1,500 feet of *612 a school, and was sentenced to serve sixty-years in the custody of the Mississippi Department of Corrections. In his sole issue on appeal, Ezell contends the admission of testimony from a forensic scientist violated his right to confront a witness against him.
DISCUSSION
¶ 2. In his only issue on appeal, Ezell argues the admission of Tara Milam’s testimony violated his right to confront a witness against him. Milam was a forensic scientist with the Mississippi Crime Laboratory and testified the substance found on Ezell during his arrest was cocaine. Ezell contends Milam did not conduct the test herself; thus, he never had the opportunity to cross-examine the analyst who tested the substance, in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 3. We first note that Ezell failed to make a contemporaneous Sixth Amendment objection to the admission of Milam’s testimony or raise an objection in any post-trial motions; thus, his arguments on this issue are procedurally barred. Briggs v. State, 16 So.3d 696, 698-99 (¶ 11) (Miss.Ct.App.2008); see also Neal v. State, 15 So.3d 388, 403 (¶ 32) (Miss.2009). In his reply brief, Ezell recognizes this procedural bar, but argues this violation is subject to plain-error review. “Under the plain-error doctrine, we can recognize obvious error which was not properly raised by the defendant on appeal, and which affects a defendant’s ‘fundamental, substantive right.’ ” Smith v. State, 986 So.2d 290, 294 (¶ 10) (Miss.2008). A Confrontation Clause violation is a violation of a “fundamental, substantive right.” Id.
¶ 4. However, in McGowen v. State, 859 So.2d 320, 339 (¶ 68) (Miss.2003), the Mississippi Supreme Court stated: “[W]hen the testifying witness is a court-accepted expert in the relevant field who participated in the analysis in some capacity, such as by performing procedural checks, then the testifying witness’s testimony does not violate a defendant’s Sixth Amendment rights.” In this case, Milam was accepted as an expert in drug analysis without objection. Milam stated she currently worked in administration but was certified as an analyst and conducted peer reviews on all the drug cases. It is unclear from the testimony if Milam actually tested the substance herself, but her testimony indicates she signed the report, indicating the substance was tested and found to be cocaine. We cannot find Ezell’s Sixth Amendment rights were violated in this instance.
¶ 5. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE WITHIN 1,500 FEET OF A SCHOOL AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.