# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01064-COA

**ALVIN LEE JOHNSON A/K/A ALVIN JOHNSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/01/2015 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | M.A. BASS JR. |
| | MICHAEL R. BONNER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA AINSWORTH |
| | JASON L. DAVIS |
| DISTRICT ATTORNEY: | ALEXANDER MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, STATUTORY RAPE, AND SENTENCED TO LIFE; AND COUNT II, STATUTORY RAPE, AND SENTENCED TO FIFTEEN YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Alvin Johnson was convicted of two counts of statutory rape in violation of Mississippi Code Annotated section 97-3-65 (Rev. 2014). Johnson was sentenced to a term of life for Count I and fifteen years for Count II, to run concurrently. The circuit court

denied Johnson's posttrial motions.  Johnson now appeals.  We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2.    Between June and August of 2014, Alvin Johnson was a frequent visitor to the home of Angie Harris and Clifton Green.  Johnson, a long-time family friend, spent numerous hours at the home and was well known to Angie's daughters, A.H. and T.H.[1]  A.H., who was eleven years old, informed her godmother that she had sex with Johnson and believed she may be pregnant.  Angie reported the allegation to the Port Gibson Police Department.  After an investigation, it was determined that A.H. had been sexually active.  When questioned, T.H., who was fifteen at the time, also admitted to having a sexual relationship with Johnson.  Johnson was twenty-nine years old when the allegations were made.

¶3.    Johnson was indicted on two counts of statutory rape, in violation of Mississippi Code Annotated section 97-3-65.  Statutory rape is committed when:

> [A]ny person seventeen (17) years of age or older has sexual intercourse with a child who . . . [i]s at least fourteen (14) but under sixteen (16) years of age; [i]s thirty-six (36) or more months younger than the person; and [i]s not the person's spouse; or [when a] person of any age has sexual intercourse with a child who . . . [i]s under the age of fourteen (14) years; [i]s twenty-four (24) or more months younger than the person; and [i]s not the person's spouse.

Miss. Code Ann. § 97-3-65.  After a jury trial, on May 27, 2015, Johnson was found guilty and sentenced to a term of life for Count I and fifteen years for Count II, with the sentences to run concurrently.

¶4.    Johnson filed motions for a new trial and for judgment notwithstanding the verdict.  Both were denied.  Johnson now appeals and argues: (1) a new trial must be granted because

---

[1] To protect the minors' privacy, we have substituted initials in place of their names.

a juror withheld substantial information or misrepresented material facts, and (2) testimony was admitted in violation of his right to confront the witnesses against him.

STANDARD OF REVIEW

¶5.     "This Court may not reverse the [trial] court's decisions regarding jury selection unless there is an abuse of discretion." *Williams v. State*, 61 So. 3d 981, 984 (¶14) (Miss. Ct. App. 2011).  "The standard of review for either the admission or exclusion of evidence is abuse of discretion." *McGriggs v. State*, 987 So. 2d 455, 457 (¶3) (Miss. Ct. App. 2008) (citation omitted).  "Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party." *Id.* (citation omitted).

ANALYSIS

*I.     Voir Dire*

¶6.     Johnson argues the trial court erred when it qualified Shirley Darden as a juror.  He contends that Darden failed to respond when asked if she knew Johnson or his family members.  He argues the omission implies prejudice and warrants a new trial.

¶7.     The State contends Johnson never objected to Darden sitting as a juror. Rather, it was the State's objection, after the trial commenced, that initiated the trial judge's voir dire of Darden.  The State asserted Darden had knowledge of Johnson and his children through a convoluted relationship.[2]  The State further contends it was Johnson's attorney who argued Darden could still be fair and impartial despite her knowledge of him.  The trial court found

---

[2] Darden had a child with Kent Hill, whose brother is Joe Hill.  Joe Hill's daughter, Kiwana Hill, was Johnson's girlfriend and the mother of his child.

the same and denied the State's motion to exclude Darden from the jury. The State argues that Johnson neither objected during trial nor in any of his posttrial motions and is now procedurally barred from raising the issue.

¶8. The Mississippi Supreme Court has "recognized a procedural bar on appeal where the defense has failed [to] timely . . . object to the State's peremptory challenges to venire members." *Keller v. State*, 138 So. 3d 817, 842 (¶43) (Miss. 2014) (citations omitted). "Moreover, a party who fails to object to the jury's composition before it is empaneled waives any right to complain thereafter." *Id.* "A defendant who wishes to claim error has an obligation to call to the court's attention matters of which he is aware, and should he fail to do so, he waives any objection." *Doss v. State*, 906 So. 2d 836, 840 (¶16) (Miss. Ct. App. 2004).

¶9. Johnson did not object to Darden as a jury member, either before trial, contemporaneously with the State's objection during trial, or in his posttrial motions. Johnson filed two posttrial motions, and each specified why he believed that he was entitled to a new trial. But neither motion asserted the present issue now on appeal.

¶10. Johnson's failure to timely assert an objection to the trial court's decision to allow Darden as a jury member is procedurally barred. This Court previously held, in *Doss*, and finds similarly here, that it was likely Johnson believed Darden "would be a favorable juror, and therefore did not [initially] challenge her." This issue is without merit.

¶11. Notwithstanding the procedural bar, we analyze this issue on the merits. This Court has held "when a party shows that a juror withheld substantial information or misrepresented

4

material facts, and where a full and complete response would have provided a valid basis for challenge for cause, the trial court must grant a new trial . . . ." *Walker v. State*, 121 So. 3d 320, 323 (¶6) (Miss. Ct. App. 2013) (citations omitted). This Court, in *Wright v. State*, 9 So. 3d 447, 451 (¶14) (Miss. Ct. App. 2009), deferred to the supreme court's assessment of juror impartiality:

> Under Mississippi law, any person not disqualified under Mississippi Code Annotated section 13-5-1, who will make oath that he or she is impartial, is competent to sit as a juror in a criminal case. The trial judge whose duty is to see that a competent, fair, and impartial jury is empaneled, is empowered with broad discretion to determine whether a prospective juror can be fair and impartial—notwithstanding the juror's admission under oath that he or she will be.

(Quoting *Archer v. State*, 986 So. 2d 951, 958-59 (¶30) (Miss. 2008)). Further, this Court has held "[a] person is competent to be a juror if the juror has no interest, bias or prejudice in the prosecution, and the juror has no desire to reach a result other than that gained from the evidence and the law in the case." *Williams*, 61 So. 3d at 984 (¶14).

¶12. In this case, the trial judge found no evidence that Darden could not be fair and impartial. Although Darden did not initially disclose knowledge of Johnson, this omission was later cured. The trial judge conducted a second voir dire and discovered the convoluted, distant relation of Darden and Johnson. When asked, Darden did not deny knowledge of Johnson; she admitted that she was familiar with Johnson from around Port Gibson. Darden was not a blood relative and did not have a personal relationship with Johnson.

¶13. We do not find error occurred when Darden was allowed to continue as a juror, after the State's mid-trial objection to her presence. *Langston v. State*, 791 So. 2d 273, 281 (¶20)

(Miss. Ct. App. 2001). Thus, the trial court did not abuse its discretion when it accepted Darden's assurance that she could render a fair and impartial judgment. This issue is without merit.

## II. Confrontation Clause

¶14. Johnson next argues that the testimony of Chief Calvin Jackson of the Port Gibson Police Department was admitted in violation of the Confrontation Clause. Johnson asserts that Chief Jackson was permitted, over several objections, to give testimonial evidence concerning the investigation. Johnson contends the trial court erred when it allowed Chief Jackson to testify as to what he was told by witnesses during the course of his investigation. He argues this deprived him of the right to cross-examine, impeach, and challenge the credibility of each witness in the presence of the jury.

¶15. The State contends that Johnson asserted hearsay objections at trial, rather than objections based on violations of his rights under the Confrontation Clause of the Sixth Amendment. The State argues Johnson's failure to object, either contemporaneously or in his posttrial motions, procedurally bars his assertion of error on appeal. The State further contends that Chief Jackson's testimony, regarding witness statements, was given to detail the next steps taken in the investigation, not to establish the truth of the matter asserted, which would violate the hearsay rule.

¶16. In *Ezell v. State*, 132 So. 3d 611, 612 (¶3) (Miss. Ct. App. 2013), this Court held that a criminal defendant's argument was procedurally barred, where he failed to make a contemporaneous Sixth Amendment (Confrontation Clause) objection to the admission of

6

testimony and did not raise an objection in his posttrial motions. This Court had previously recognized that a violation of the Confrontation Clause impacts a fundamental, substantive right. *Id.* (citation omitted). However, this Court also held "general hearsay objection[s] [are] insufficient to preserve an alleged Confrontation Clause violation for appellate review." *Anthony v. State*, 23 So. 3d 611, 620 (¶41) (Miss. Ct. App. 2009) (citations omitted).

¶17. Johnson relied heavily on *Crawford v. Washington*, 541 U.S. 36 (2004), to support his argument for reversible error. In *Crawford*, the United States Supreme Court held that "where the out-of-court statement is 'testimonial' in nature, the statement is generally not admissible unless the declarant is unavailable to testify in court, and the defendant has had a prior opportunity to cross-examine him or her." *Anderson v. State*, 1 So. 3d 905, 914-15 (¶25) (Miss. Ct. App. 2008) (citing *Crawford*, 541 U.S. at 54). At the trial-court level, Johnson asserted a standing objection to hearsay evidence. He did not, however, object on the basis that he was denied the right to confront the witnesses who provided statements to Chief Jackson. Thus, he effectively waived the issue for appeal.

### III. Hearsay

¶18. We now address this issue under a hearsay analysis as the underlying basis of Johnson's contention. "Under Mississippi Rule of Evidence 801(c), hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in[to] evidence to prove the truth of the matter asserted.'" *Whittington v. State*, 49 So. 3d 107, 110 (¶13) (Miss. Ct. App. 2010) (quoting M.R.E. 801(c)). A trial court's decision to admit or exclude testimony is reviewed for abuse of discretion. *McGriggs v.*

7

*State*, 987 So. 2d 455, 457 (¶3) (Miss. Ct. App. 2008). "Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party." *Id.*

¶19.    Johnson raises an argument that has previously been placed before this Court. The supreme court has held: "[A]dmitting out-of-court statements made to the police during the course of their investigations is permissible." *Gray v. State*, 931 So. 2d 627, 631 (¶14) (Miss. Ct. App. 2006) (citing *Swindle v. State*, 502 So. 2d 652, 658 (Miss. 1987)). Further, this Court, in *Anderson*, aligned with the supreme court's finding that "[i]t is elemental that a police officer may show that he has received a complaint, and what he did about the complaint[,] without going into the details of it." *Anderson,* 1 So. 3d at 914 (¶25) (quoting *Swindle v. State*, 502 So. 2d 652, 658 (Miss. 1987)).

¶20.    Here, we find that Chief Jackson's testimony was not hearsay, and therefore, it was admissible. The trial court did not abuse its discretion when it allowed Chief Jackson to testify about the witness statements given to him during the course of his investigation. None of the statements were admitted to prove the truth of the matter asserted but rather to explain the next steps in Chief Jackson's investigation. "Further, even if [Chief Jackson's] recitation of the witnesses' statements were considered to be testimonial, any error by the trial court in admitting the statements would be harmless" because the testimony was given to detail the steps taken to develop Johnson as a suspect. *Id.* at 915 (¶27).

¶21.    **THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, STATUTORY RAPE, AND SENTENCE OF LIFE; AND COUNT II, STATUTORY RAPE, AND SENTENCE OF FIFTEEN YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF**

8

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**