933 So.2d 986 (2005)
Barry Stephan TOWNSEND, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00504-COA.
Court of Appeals of Mississippi.
December 6, 2005.
Rehearing Denied April 18, 2006.
*987 John Kevin Cavender, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorneys for appellee.
EN BANC.
*988 BARNES, J., for the Court.
¶ 1. Barry Stephan Townsend was convicted of one count of rape and two counts of sexual battery in the Circuit Court of Lee County on February 18, 2004. He was sentenced to ninety-five years in the custody of the Mississippi Department of Corrections, with twenty years suspended. Aggrieved by the verdict of the jury, Townsend appealed. Finding no merit to his arguments, we affirm the judgment of the trial court.

FACTS
¶ 2. D.I. testified that on August 12, 2002, she was walking along the road on her way from New Albany to Pontotoc to surprise her boyfriend at work and have lunch with him. D.I. did not have a car, so her plan was to walk down the road until she was able to catch a ride with a passerby. She testified that when Townsend pulled over to offer her a ride, she offered him five dollars to drive her to Pontotoc. Townsend responded that he first had to drop off a passenger, but that he would then drive her to Pontotoc. D.I. agreed and accepted the ride with Townsend.
¶ 3. D.I. testified that after she entered the car, Townsend drove to the house of a friend, where he used the five dollars she gave him to purchase crack cocaine. D.I. and Townsend both smoked crack cocaine, and then got back into Townsend's vehicle and proceeded to a gas station, where Townsend purchased beer. At the insistence of his passenger, Townsend then drove to a home where he dropped off the passenger. D.I. testified that, when they reached the home, Townsend and the passenger became embroiled in a violent argument over the beer. The behavior of the men frightened D.I., and she ran off down the road. Seeing this, Townsend quickly drove out to D.I. and convinced her to get back in the car.
¶ 4. At this point, D.I. and Townsend were alone in the car, presumably driving to Pontotoc. D.I. testified that she became increasingly concerned that Townsend was driving in the wrong direction, and asked to be let out of the car. Townsend refused, began to physically and verbally assault D.I., and then proceeded to an abandoned gravel road. D.I. testified that Townsend parked the car and forced her to perform oral sex. For the next "four or five hours," Townsend continually forced her to have both oral and vaginal sex with him in the car. At one point, D.I. claims that Townsend raped her on the hood of the car, in plain view of passing cars. When it was nearly dark, D.I. managed to escape into the woods. However, Townsend quickly found her, dragged her through the woods to the car, and hit her on the head and in the chest. Finally, after dark, Townsend and D.I. returned to the house where Townsend had previously dropped off his passenger. D.I. testified that there was an older man in the house when they returned; she attempted to signal to him for help, but stopped short because Townsend had threatened to kill her if she notified anyone of what had happened. Townsend then took D.I. to a bedroom where he forced her to have anal sex with him. D.I. testified that Townsend then fell asleep, whereupon she exited the bedroom, taking Townsend's cell phone with her so that she could identify him to authorities.
¶ 5. After leaving the bedroom, D.I. was able to convince the older man in the house to drive her to a nearby gas station. She attempted to phone for help from the station, but the phone was broken. She then went across the street to an unoccupied house, where she waited until a customer arrived at the gas station. The customer drove D.I. to her mother's house. Later, D.I. led police to the house where *989 she claimed Townsend had taken her. After marking the location and securing a search warrant, the police returned to the house to execute the warrant. Townsend was present at the house when the police arrived and was taken into custody.
¶ 6. On February 18, 2004, Townsend stood trial for sexual battery and rape. The jury convicted him on all counts. Townsend then perfected this appeal, claiming that he did not receive effective assistance of counsel at trial, and that the trial judge erred in admitting a stolen car report into evidence.

I. WHETHER TOWNSEND'S RIGHT TO A FAIR TRIAL WAS PREJUDICED BECAUSE HIS TRIAL ATTORNEY FAILED TO PROVIDE CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL
¶ 7. Townsend argues that his trial counsel did not provide constitutionally effective assistance because, Townsend claims, he was unaware that he was to stand trial on February 17, 2004; because counsel's opening statement was too short; because counsel failed to object during the direct examination of D.I.; because counsel appeared to bolster the testimony of D.I.; because counsel failed to make other objections; and because counsel failed to call witnesses and put on evidence in Townsend's defense. The State counters that Townsend did not stand trial on February 17, but instead the next day. The State argues that defense counsel's opening statement presented a plausible defense theory of consensual sex; that counsel made proper and strategic objections throughout the trial; that counsel did not bolster D.I.'s testimony but instead attacked her credibility; and that Townsend has not, even with different counsel, indicated which witnesses should have been called or what evidence could have been admitted in his defense. In sum, the State argues that Townsend has not met the heavy burden that is required to show ineffective assistance of counsel on direct appeal. We agree with the State.
¶ 8. The Sixth Amendment guarantees the assistance of counsel for the defense of citizens accused of crimes. U.S. CONST. amend. VI. The guarantee of assistance of counsel has been expanded to require "effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Whether the defendant received effective assistance of counsel at trial is measured by a two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test, as espoused by the Mississippi Supreme Court, is "(1) whether counsel's overall performance was deficient, and (2) whether or not the deficient performance, if any, prejudiced the defense." Taylor v. State, 682 So.2d 359, 363 (Miss.1996) (citing Cole v. State, 666 So.2d 767, 775 (Miss. 1995)). The defendant bears the burden of proving both prongs of the test, and a strong, but rebuttable, presumption exists that the defense counsel's actions were reasonable and strategic. Id. "The adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a `totality of the circumstances.'" Id. (citing Cole, 666 So.2d at 775). In addition, on direct appeal, the defendant must demonstrate that his representation was so deficient and prejudicial that the trial judge had the duty to declare a mistrial sua sponte "so as to prevent a mockery of justice." Colenburg v. State, 735 So.2d 1099, 1102(¶ 8) (Miss.Ct.App. 1999). On appeal, this Court is confined to review only those facts which show ineffective assistance of counsel which are found within the four corners of the record below. Id.
¶ 9. Viewing the totality of the circumstances in the instant case, it is clear that *990 the actions of Townsend's counsel constituted reasonable trial strategy. It is true that counsel offered a short opening statement, made comparatively few objections throughout the trial, and failed to call witnesses in Townsend's defense. But the burden of proving a defendant's guilt is placed squarely on the shoulders of the prosecution; the defense is not required to make any showing of innocence. Here, Townsend's trial counsel attacked the credibility of the State's primary witness, D.I. Defense counsel's line of questioning was designed to show gaps in her version of events, and counsel elicited through cross-examination that D.I. had smoked crack cocaine with Townsend, that D.I. had opportunities to attempt an escape from Townsend which were not taken, that the sexual acts on the car would have taken place within view of passing cars, and that D.I. did not immediately contact authorities when she returned to her home. Counsel's opening statement, although short, clearly presented Townsend's version of the story: that the sexual activity between Townsend and D.I. was consensual. Furthermore, a pretrial statement made by Townsend to police describing his version of the events which transpired on August 12, 2002, was entered into evidence.[1] Thus, despite the fact that he did not testify in his own defense, a choice which he voluntarily made, his version of events was still presented to the jury.
¶ 10. Townsend argues that his counsel's failure to put on witnesses constituted ineffective assistance of counsel. As mentioned previously, counsel was not required to call witnesses, since the defendant carries no burden in proving his innocence. On appeal, Townsend's argument amounts to nothing more than a bare allegation, because he has not stated what witnesses should have been called, or what additional evidence his counsel could have presented at trial. This being the case, Townsend has not carried his burden on appeal in showing how his counsel's decision not to call witnesses at trial was deficient performance. Although Townsend mentioned at least two witnesses at his sentencing hearing, he makes no mention of these witnesses on appeal. We note that the proper mechanism for presenting evidence which is not in the record below would be on motion for post-conviction relief. Colenburg, 735 So.2d at 1101-02(¶ 5). On direct appeal, we are restricted to the facts contained in the record. Id. at 1102(¶ 6). Townsend cannot raise proposed witnesses' testimony or evidence not contained in the record on direct appeal. Id.
¶ 11. Viewing the totality of the circumstances of defense counsel's performance at trial, we find that all of counsel's actions of which Townsend complains fall within the ambit of reasonable trial strategy. We see no events in the record below which should have caused the trial judge to take the initiative and sua sponte declare a mistrial to prevent a mockery of justice. Townsend has not carried his burden of proving that his trial counsel's performance was deficient.

II. WHETHER THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OF A STOLEN CAR REPORT
¶ 12. Townsend argues that the trial court erred in admitting a stolen car report which indicates that Townsend stole *991 the car which he was driving on August 12, 2002. Townsend contends that he is entitled to a new trial because the introduction of the stolen car report did nothing more than inflame the jury, leading them to believe "that he somehow was a rampant criminal who ... simply may or may not be guilty of the crime of rape and sexual battery...." The State counters that the stolen car report showed both identity and opportunity, making it properly admissible under Rule 404(b) of the Mississippi Rules of Evidence, and that any prejudice caused by the report was only slight. The trial court ruled that the report was admissible as res gestae evidence.
¶ 13. It is well-settled law that we will not overturn a trial judge's admission of evidence unless the admission amounts to an abuse of discretion. Bell v. State, 910 So.2d 640, 643(¶ 6) (Miss.Ct.App. 2005) (citing Hentz v. State, 542 So.2d 914, 917 (Miss.1989)). In addition, "evidentiary rulings are affirmed unless they affect a substantial right of the complaining party." Id. (citing Sewell v. State, 721 So.2d 129, 138(¶ 50) (Miss.1998)). The question before the trial judge in the instant case was whether the stolen car report was evidence of "other crimes, wrongs or acts" which should be excluded Rule 404(b). Under Rule 404(b), evidence of other crimes may be admitted if the evidence shows "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of other crimes may also be admitted under the res gestae exception, which provides that such evidence may be admitted if it is "so interrelated to the charged crime as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." Wheeler v. State, 536 So.2d 1347, 1352 (Miss.1988). But if evidence of other crimes is introduced for the purpose of showing that the defendant acted in conformity therewith, the admission of that evidence constitutes reversible error. Ainsworth v. State, 756 So.2d 826, 828(¶ 8) (Miss.Ct.App.2000).
¶ 14. Townsend argues that the stolen car report does not fall within any of these exceptions. Specifically, he posits that the report was not necessary to prove identity because the car was identified by D.I. He argues further that the report was not res gestae because his alleged stealing of the car was not intimately connected with the alleged events which occurred on August 12, 2002. We find that the stolen car report was properly admitted to show opportunity for Townsend to commit the crimes charged. Townsend did not own a car, and since, according to D.I.'s testimony and Townsend's admitted statement, the car was an integral part of the events which took place, the admission of the stolen car report allowed the jury to understand the events which occurred on the day in question. D.I. testified that Townsend picked her up in the car, and raped her in and on the car. Townsend, in his second statement to police, stated that he had picked up D.I. in the car, and that they had attempted to have sex in the car. Since Townsend did not own a car, the report showed the jury how Townsend was able to obtain the vehicle in and on which all of these events occurred.
¶ 15. Furthermore, we agree with the State that the prejudicial effect of the stolen car is slight. In Townsend's first statement made to police, he states that he took the car, but that he was making half of the payments on the car. Townsend's girlfriend, who filed the stolen car report, was paying the other half. Officer Mickey Baker, the officer who took Townsend's statement, confirmed this statement at trial. Thus, the jury was presented with evidence which showed that the stolen car report resulted from the relationship between Townsend and his girlfriend, and not a rampant crime spree. Certainly the prejudicial effect of the stolen car report *992 paled in comparison to the testimony of repeated rape and sexual battery given by D.I.
¶ 16. We find that the trial judge did not abuse her discretion by admitting the report into evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF COUNT IRAPE AND SENTENCE OF THIRTY-FIVE YEARS; COUNT IIISEXUAL BATTERY AND SENTENCE OF THIRTY YEARS; COUNT IVSEXUAL BATTERY AND SENTENCE OF THIRTY YEARS, WITH TWENTY YEARS SUSPENDED, WITH ALL SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] Townsend argued at trial that this statement should not have been introduced because it was only elicited when the police confronted Townsend over evidence that he had stolen the car he was driving. Townsend argued that the statement would be prejudicial because it contradicted a previous statement he gave regarding the events in question. However, we observe that this second statement presents the version of events which Townsend presented at trial.