IRVING, J„
 

 for the Court.
 

 ¶ 1. A Lowndes County jury convicted Edward Donell Briggs of aggravated assault, and the Circuit Court of Lowndes
 
 *697
 
 County sentenced him to ten years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. Additionally, Briggs was fined $1,000 and ordered to make restitution in the amount of $2,851.71. Being aggrieved by his conviction and sentence, Briggs seeks review of the following issues: (1) whether he was denied his Sixth Amendment right of confrontation, (2) whether the trial court erred in allowing expert opinion beyond the witness’s area of expertise, (3) whether the trial court erred in permitting hearsay testimony, and (4) whether the cumulative effect of the errors committed denied him a fair trial.
 

 ¶ 2. We do not find any reversible error; therefore, we affirm the judgment of the trial court.
 

 FACTS
 

 ¶ 3. Briggs was found guilty of committing an aggravated assault upon Preston Halbert.
 
 [1]
 
 The State called Halbert as its first witness. Halbert gave testimony concerning the events that led to the assault and then testified about the injuries he received. Specifically, he testified that he suffered broken facial bones on the left side of his face and had to have pins inserted in his nose. He also testified that his doctor had informed him that he had suffered some brain damage.
 

 ¶ 4. The second witness called by the State was Carol Malone. Malone testified that she saw Briggs put something silver in his hands just before the assault on Halbert occurred. She observed Briggs and a person named Tony Ames hitting and kicking Halbert. They were hitting him with “whatever they had in their hands.”
 

 ¶ 5. The third witness offered by the State was Nell Shaw, a nurse practitioner, who saw and treated Halbert in the emergency room at the hospital where he was taken the day after the assault. Shaw was tendered and accepted as an expert in emergency room medicine as a nurse practitioner. She testified that she took an x-ray of Halbert’s right hand and of his chest and that the chest x-ray accented a view of Halbert’s left ribs. She also performed “a CAT, a CT scan, of his facial bones.” When Shaw was asked about the results of the CT scan of the face, defense counsel objected, and the objection was overruled. Thereafter, Shaw testified concerning what the report indicated.
 

 ¶ 6. Additional facts as necessary will be related during our discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 7. Issues one and two concern the testimony given by Shaw, the emergency room nurse practitioner. Therefore, we address them as a single issue.
 

 1. Admissibility of Nell Shaw’s Testimony
 

 ¶ 8. It is well-settled law that the admissibility of evidence is within the sound discretion of the trial court. M.R.E. 104(a);
 
 see also Withers v. State,
 
 907 So.2d 342, 345(¶ 7) (Miss.2005). “Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” M.R.E. 103(a). We, as an appellate court, review the trial court’s evidentiary rulings utilizing an abuse of discretion standard.
 
 Withers,
 
 907 So.2d at 345(¶ 7) (quoting
 
 Church of God Pentecostal, Inc. v. Freewill Pente
 
 
 *698
 

 costal Church of God, Inc.
 
 716 So.2d 200, 210 (Miss.1998)).
 

 ¶ 9. Briggs contends that the trial court, in admitting testimony from Shaw, committed error in two respects. First, he alleges that the trial court erred when it allowed Shaw to testify concerning the radiologist’s interpretation of the CT scan. Second, he alleges that the trial court erred when it allowed testimony from Shaw that was beyond her area of expertise. That is, according to Briggs, Shaw was allowed to testify that Halbert’s injuries were consistent with injuries resulting from the use of a hard metal object. Specifically, the testimony from Shaw which gives rise to Briggs’s complaints is as follows:
 

 Q. Now, the CT scan, what did you discover upon the scan of his face?
 

 A. The radiologist that read it read that he had—
 

 BY DEFENSE COUNSEL: Objection, Your Honor, it’s hearsay. She’s talking about the radiologist read it and said.
 

 A. I’ve got the report.
 

 BY THE COURT: Overruled.
 

 A. And the report to me said that he had a fractured nasal bone, which would be in here (indicating). He had a left zygomatic arch fracture which would be about right there (indicating). A fracture of the anterior and posterior wall of the maxillary sinuses which would be in here (indicating).
 

 * * * * * *
 

 Q. Now, based on your training, based on your experience, do you have an opinion as to whether or not the injuries that you saw were consistent with being struck in the face with some hard metal object?
 

 A. Yes.
 

 BY DEFENSE COUNSEL: Objection, Your Honor. That’s outside the qualifications. She said she had no forensic [sic] in causation.
 

 BY THE COURT: Overruled.
 

 [[Image here]]
 

 Q. Do you have an opinion as to whether or not the results of the — that you saw on this man’s body would be consistent with a means likely to produce death or serious bodily harm?
 

 BY DEFENSE COUNSEL: Objection. That’s a legal conclusion, Your Honor, for the fact-finder to determine not for the witness.
 

 BY THE COURT: Objection overruled. You can answer the question.
 

 A. Obviously serious injury.
 

 ¶ 10. Addressing Briggs’s second complaint first, it is sufficient to say that Shaw never testified that Halbert’s injuries were consistent with injuries made as a result of a hard metal object. She only testified that the injuries were “obviously serious.” It cannot be legitimately argued that as a nurse practitioner, Shaw was not qualified to give such testimony. This issue is wholly without merit.
 

 ¶ 11. As to Briggs’s first complaint about Shaw’s testimony, he contends in his appellate brief that allowing Shaw to recite the findings of the radiologist, who read the CT scan, constituted a violation of his Sixth Amendment right as enunciated in
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We first note that this issue is procedurally barred. Briggs did not make a Sixth Amendment objection at the time of Shaw’s testimony, nor did he make one in his posttrial motion. Instead, as the above colloquy indicates, he only made a basic hearsay objection. It is not enough for a defendant to make a general objection regarding a matter to preserve error on
 
 *699
 
 appeal. In order to preserve the alleged error for argument on appeal, “a timely objection ... stating the specific ground of objection [must be made], if the specific ground was not apparent from the context[.]” M.R.E. 103(a)(1).
 

 ¶ 12. However, procedural bar notwithstanding, we do not find
 
 Crawford
 
 applicable to our case, as
 
 Crcavford
 
 only applies to hearsay evidence that is testimonial in nature and is offered against an accused who did not have an opportunity to cross-examine the declarant when the hearsay testimony was given.
 
 Crawford,
 
 541 U.S. at 68, 124 S.Ct. 1354. Shaw’s testimony does not fall within the parameters of
 
 Crawford.
 
 This issue lacks merit.
 

 2. Admissibility of Halbert’s Testimony Regarding His Brain Damage
 

 ¶ 13. In this issue, Briggs argues that the trial court erred in allowing Hal-bert to state that Halbert’s physician told Halbert that Halbert had suffered some brain damage. We first note that the record contains a single statement by Hal-bert that his doctor told him that he (Hal-bert) had suffered some brain damage. The record also reflects that Halbert made the statement before the court could ruled on Briggs’s objection, which was made while Halbert was halfway through the statement. Ultimately, the court overruled the objection. However, it is also noteworthy that at trial, Briggs never stated a basis for his objection, although in his appellate brief, he contends that admission of the statement was violative of the hearsay rule. Without deciding if Briggs properly preserved this issue for appellate review, it is adequate to say that if error occurred, it was harmless, because there was other evidence, properly admitted, from which the jury could find that Briggs caused serious bodily injury to Halbert.
 

 3. Cumulative Error
 

 ¶ 14. In his final issue, Briggs argues that the cumulative effect of the errors committed by the trial court denied him a fair trial. As we have found only harmless error at best in one of the issues urged by Briggs, it necessarily follows that there is no cumulative prejudicial error. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FIVE YEARS OF POST-RELEASE SUPERVISION, TO PAY A FINE OF $1,000, AND TO PAY RESTITUTION IN THE AMOUNT OF $2,851.71 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Since Briggs does not challenge the sufficiency or the weight of the evidence, we will not give a detailed recitation of the facts surrounding the assault. The indictment charged that Briggs committed the aggravated assault by striking Halbert with brass knuckles, by kicking him, and by beating him with his fists.