ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In December 2008, Ronson Banks was convicted of robbery in the Coahoma County Circuit Court. Banks was sentenced to twelve years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved by his conviction, Banks filed an appeal. Banks asserts that the identification process used to identify him was so impermissibly suggestive that he suffered irreparable misidentification. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On December 12, 2006, Elizabeth Cohens was walking home from her job at Wood Security in Clarksdale, Mississippi. As she was walking, she met an individual in the street who spoke to her. Cohens testified that she heard someone running behind her, turned, and then felt a gun being pressed against her back by a man. She further testified that the man demanded she give him her backpack and cell phone. After consenting to his demands, Cohens then walked across the street and called for help. The police arrived shortly thereafter, and Cohens described to them what had just taken place.
 

 
 *493
 
 ¶ 3. Cohens gave a description of her attacker, including that he had been drinking from a Burger King cup. The police then went looking for Cohens’s attacker. After receiving Cohens’s description, Officer Jason Sims began patrolling the area and attempted to locate the attacker. He and other officers stopped a man who fit the description. The man was also in possession of a Burger King cup. After being apprehended by officers, the man, later identified as Banks, was shown to Cohens, and she identified him as the one who had robbed her.
 

 ¶ 4. Banks was taken into custody. He was read his
 
 Miranda
 
 rights and proceeded to give a statement to Detective Ro-melle Matthews. In his statement, Banks admitted he took Cohens’s backpack, but he claimed that he did not have a gun.
 

 DISCUSSION
 

 ¶ 5. Banks’s sole issue on appeal is whether the trial court erred in admitting the identification testimony. Banks asserts that the “showup” identification used by the police was unfairly suggestive and, therefore, inadmissible. However, Banks did not raise this issue at trial. “[A] failure to object is fatal for purposes of preserving error [for appeal].”
 
 Fleming v. State,
 
 604 So.2d 280, 302 (Miss.1992). Further, “[questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error.”
 
 Stringer v. State,
 
 279 So.2d 156, 158 (Miss.1973) (citing
 
 Boutwell v. State,
 
 165 Miss. 16, 27-28, 143 So. 479, 482 (1932)). Banks effectively waived his objection to the identification testimony when he failed to raise the issue at trial.
 

 ¶ 6. Despite the procedural bar, had Banks not waived his right to appeal the alleged misidentification error, the issue would, nonetheless, be without merit. Banks admitted that he took Cohens’s backpack. The only issue at trial was whether or not he used a weapon when he took the backpack. His identity was simply not an issue. Accordingly, this issue is also without merit.
 

 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.