# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01629-COA

**ROBERT BUFFORD A/K/A ROBERT K.**      **APPELLANT**
**BUFFORD A/K/A "LIL ROB" A/K/A "ROD"**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2013 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, MURDER, AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCED AS A HABITUAL OFFENDER TO LIFE FOR COUNT I AND TEN YEARS FOR COUNT II, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED: 11/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.  Robert Bufford was convicted in Hinds County Circuit Court of Count I, murder, and

Count II, possession of a firearm by a convicted felon. Bufford was sentenced, as a habitual offender, to life for Count I and ten years for Count II, with the sentences to run consecutively, without eligibility for parole, in the custody of the Mississippi Department of Corrections (MDOC). In his appeal, Bufford argues the trial court erred by: (1) admitting testimonial statements in violation of the Confrontation Clause, (2) excluding res gestae evidence in support of his theory of the case, and (3) admitting evidence of the autopsy report in violation of the Confrontation Clause. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 5, 2011, at approximately 4:40 a.m., Bufford, also known as "Little Rob" and "Rod," and Davie Miller were seen leaving Northside Legends, a club in Jackson, Mississippi. Miller was driving, and Bufford was in the passenger seat.

¶3. Officer Ahvegail White of the Jackson Police Department (JPD) was conducting a traffic stop when she heard shots fired a couple of blocks away from her location. At approximately 5:37 a.m., Officer White responded to the shooting. Upon arrival, Officer White found Miller lying on the ground, covered in blood. Officer White asked Miller for his name, where he was coming from, and why his car was facing the opposite direction. In between questions Miller was moaning and groaning. Miller stated that he and his friend were coming from Northside Legends, and they were engaged in an argument inside the car when his friend started shooting. Miller identified the friend as "Rod."

¶4. At 5:47 a.m., paramedics arrived at the scene. Miller stated to one of the paramedics, Larry Smith, that he was "assaulted by a friend" while "coming from a nightclub." Having

2

sustained multiple gunshot wounds, Miller was then transported to the emergency room at University Medical Center.

¶5. At approximately 6 a.m., Detective Carlotta Bacon[1] of the JPD began an investigation at the scene. Immediately after, Detective Bacon went to the emergency room and spoke with Miller as he was being prepped for surgery. Detective Bacon's first question to Miller was: "Do you want to press charges against the person who did this to you?" Miller responded: "Yes." Subsequently, Miller gave a description of the person, identified the person as "Rod," and gave a detailed account of what happened.

¶6. Miller underwent surgery and then remained unconscious in the intensive care unit until July 10, 2011.

¶7. When Miller regained consciousness on July 10, 2011, Miller's wife, Lee Ann, was able to speak to Miller for the first time. Lee Ann asked Miller: "Do you know what happened to you?" Miller responded: "Rod."

¶8. On August 3, 2011, Miller died as a result of his gunshot wounds.

¶9. Bufford filed a motion to suppress evidence of Miller's statements to the JPD. In his motion, Bufford claimed that Miller's statements were (1) inadmissible hearsay, and (2) in violation of the Confrontation Clause. At a pretrial hearing on the motion, Bufford additionally sought to suppress evidence of Miller's statement to Lee Ann. The trial court ruled that the statements made to Officer White and Detective Bacon were admissible as exceptions to the hearsay rule under Mississippi Rules of Evidence 803(1) and (2), and the

---

[1] Now Carlotta Bacon Jordan.

statement made to Lee Ann was admissible as an exception under Mississippi Rule of Evidence 803(2). However, the trial court did not address whether the statements violated the Confrontation Clause.

¶10.    Bufford also filed a motion to suppress evidence of Dr. Erin Barnhart's autopsy report. Bufford claimed that it would violate the Confrontation Clause if evidence of Dr. Barnhart's autopsy report was admitted since Dr. Barnhart was not the medical examiner who performed Miller's autopsy. At a pretrial hearing, the trial court denied Bufford's motion under Mississippi Rule of Evidence 703.

¶11.    The State filed a motion in limine to exclude evidence of marijuana[2] found in the car that Miller was driving on July 5, 2011.[3] At trial, Bufford proffered the evidence was relevant as part of his defense theory that the shooting had possibly been related to a bad drug deal. The trial court granted the State's motion, finding the evidence was irrelevant. The trial court noted the evidence had not been tested, the evidence was found in a car registered to someone else, and there was no toxicology report. Further, the trial court found that even if the evidence were relevant, under Mississippi Rule of Evidence 403, any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury.

## DISCUSSION

### I.    Confrontation Clause

---

[2] We note that the substance had not been tested.

[3] The car was registered to Lee Ann Miller.

4

¶12. In his first issue, Bufford claims that Miller's statements to the police officer, the paramedic, the detective, and his wife were testimonial hearsay and that the statements' admission violated the Confrontation Clause of the Sixth Amendment to the United States Constitution.

¶13. The Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. "In [*Crawford v. Washington,* 541 U.S. 36 (2004)], the United States Supreme Court held that 'testimonial' evidence could not be admitted against a criminal defendant unless the declarant was unavailable at trial, and the defendant had a prior opportunity to cross-examine him." *Sanders v. State*, 77 So. 3d 484, 488 (¶12) (Miss. 2012) (citing *Crawford*, 541 U.S. at 68).

¶14. The *Crawford* Court indicated that "[a] statement is likely to be determined testimonial if it was made 'with an eye toward' using the statement at trial." *Batiste v. State,* 121 So. 3d 808, 854 (¶107) (Miss. 2013) (citing *Crawford*, 541 U.S. at 56).

¶15. In *Michigan v. Bryant*, 562 U.S. 344 (2011), the Supreme Court clarified the distinction between testimonial and nontestimonial statements. The Supreme Court articulated the following rule: "[W]hen a court must determine whether the Confrontation Clause bars the admission of a statement at trial, it should determine the 'primary purpose of the interrogation' by objectively evaluating the statements and actions of the parties to the encounter, in light of the circumstances in which the interrogation occurs." *Id.* If the court determines that the primary purpose of the interrogation was "to enable police assistance to meet an ongoing emergency," then the statements are nontestimonial and may be admitted

5

pursuant to the rules of evidence. *Id.* at 356. But if the primary purpose was "to establish or prove past events potentially relevant to later criminal prosecution," then the statements are testimonial. *Id.*

### A.    Officer White

¶16.    In his motion to suppress evidence of Miller's statements and at the pretrial hearing, Bufford claimed Miller's statements to Officer White were testimonial hearsay and violated the Confrontation Clause. At the pretrial hearing, the trial court ruled the statements were admissible as exceptions to the hearsay rule under Mississippi Rules of Evidence 803(1) and (2) but failed to address Bufford's Confrontation Clause claim.

¶17.    It was Bufford's responsibility to obtain a ruling from the trial court on his motion. *See Craft v. State*, 832 So. 2d 467, 471 (¶10) (Miss. 2002). Because Bufford did not take any additional steps to preserve this issue for trial,[4] he effectively waived this issue. *See id.*

¶18.    However, "'[u]nder the plain-error doctrine, [this Court] can recognize obvious error which was not properly raised by the defendant on appeal, and which affects a defendant's fundamental, substantive right.'" *Ezell v. State*, 132 So. 3d 611, 612 (¶3) (Miss. Ct. App. 2013) (quoting *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008)). "A Confrontation Clause violation is a violation of a 'fundamental, substantive right.'" *Id.* Therefore, we will address whether the admission of Miller's statements to Officer White violated the Confrontation Clause, and if so, whether such an error requires reversal. *See id.*

---

[4] At trial, Bufford objected to hearsay; however, "a general hearsay objection is insufficient to preserve an alleged Confrontation Clause violation for appellate review." *Anthony v. State*, 23 So. 3d 611, 620 (¶41) (Miss. Ct. App. 2009) (citing *Briggs v. State*, 16 So. 3d 696, 698-99 (¶11) (Miss. Ct. App. 2008)).

6

¶19. In *Bryant*, the Supreme Court held that a victim's statements to police soon after being shot were not testimonial, because the "circumstances of the encounter as well as the statements and actions of the victim and the police objectively indicated that the primary purpose of the interrogation was to enable police assistance to meet an ongoing emergency." *Sanders,* 77 So. 3d at 488 (¶14) (quoting *Bryant*, 562 U.S. 377-78).

¶20. We find the facts in *Bryant* similar to the instant case. Miller was suffering from multiple gunshot wounds when he made his statements to Officer White and was obviously in considerable pain. *See id.* at 489 (¶17) (citing *Bryant*, 562 U.S. at 375). We cannot say that a person in Miller's situation would have had a primary purpose to establish or prove past events potentially relevant to later criminal prosecution. *See id.*

¶21. Furthermore*,* the questions Officer White asked were the "type of questions necessary to allow the police 'to assess the situation, the threat to their own safety, and possible danger to the potential victim' and to the public[.]" *Id.* at (¶18) (quoting *Bryant* 562 U.S. at 376). "In other words, they solicited the information necessary to enable them 'to meet an ongoing emergency.'" *Id.* This issue is without merit.

### B. Paramedic

¶22. Bufford raises the Confrontation Clause claim with respect to Miller's statements to Smith for the first time on appeal.[5] This Court has held that "the trial court cannot be put in error, unless it has had an opportunity of committing error." *Banks v. State*, 36 So. 3d 492,

---

[5] At trial, Bufford objected to hearsay; however, "a general hearsay objection is insufficient to preserve an alleged Confrontation Clause violation for appellate review." *Anthony,* 23 So. 3d at 620 (¶41) (citing *Briggs*, 16 So. 3d 698-99 (¶11)).

493 (¶5) (Miss. Ct. App. 2010) (quoting *Stringer v. State*, 279 So. 2d 156, 158 (Miss. 1973)). However, we will review for plain error.

¶23. Miller's statements to the paramedic were made for the purpose of diagnosis or treatment. *See Bullcoming v. New Mexico,* 131 S. Ct. 2705, 2722 (2011). At this point, we cannot say that a person in Miller's situation would have had a primary purpose to establish or prove past events potentially relevant to later criminal prosecution. This issue is without merit.

### C.    Detective Bacon

¶24. Again, in his motion to suppress and at the pretrial hearing, Bufford claimed Miller's statements to Detective Bacon were testimonial hearsay and violated the Confrontation Clause. At the pretrial hearing, the trial court ruled the statements were admissible as exceptions to the hearsay rule under Mississippi Rules of Evidence 803(1) and (2) but failed to address Bufford's Confrontation Clause claim. Although Bufford did not take any additional steps to preserve this issue for trial, we will review for plain error.

¶25. The Supreme Court has stated: "[I]n many instances, the primary[-]purpose [determination] . . . will be most accurately ascertained by looking to the contents of both the questions and answers." *Bryant*, 562 U.S. at 367. Because Detective Bacon's initial question to Miller was, "Do you want to press charges against the person who did this to you?" to which Miller responded, "Yes," Miller's primary purpose was likely to establish or prove past events potentially relevant to later criminal prosecution. As such, we find the trial court erred by not suppressing Miller's statements to Detective Bacon.

8

¶26. "Confrontation-Clause violations are subject to harmless-error analysis." *Conners v. State,* 92 So. 3d 676, 684 (¶20) (Miss. 2012). To affirm despite a Confrontation Clause violation, a reviewing court must find from a consideration of all the evidence that the error was harmless beyond a reasonable doubt. *Id.*

¶27. Even if Miller's statement to Detective Bacon had been suppressed, the evidence of Bufford's guilt is abundant. Such evidence includes Miller's earlier statements to Officer White and the paramedic as well as his later statement to his wife. Additionally, Miller and Bufford were seen leaving Northside Legends together prior to the shooting. Although the trial court admitted Miller's statements to Detective Bacon in violation of the Confrontation Clause, the error was at most harmless.[6]

### D. Wife

¶28. Bufford did not raise the Confrontation Clause claim with respect to Miller's statement to Lee Ann in his motion to suppress. However, Bufford did raise the argument at the pretrial hearing. The trial court ruled the statement was admissible as an exception to the hearsay rule pursuant to Rule 803(2) but did not address Bufford's Confrontation Clause claim. Although Bufford did not take any additional steps to preserve this issue for trial, we will review for plain error.

¶29. "[A] statement is testimonial when it is given to the police or individuals working in connection with the police for the purpose of prosecuting the accused." *Hobgood v. State*,

---

[6] Officer White also testified as to what she overheard from Detective Bacon and Miller's conversation, which was also error. However, for the same reasons, we find the error was also harmless.

9

926 So. 2d 847, 852 (¶12) (Miss. 2006). Lee Ann was not working in connection with the police. Furthermore, we cannot say that a person in Miller's situation would have had a primary purpose to establish or prove past events potentially relevant to later criminal prosecution. This issue is without merit.

## II. Res Gestae Evidence

¶30. In his second issue, Bufford claims the trial court erred in excluding evidence of marijuana found at the scene of the shooting. Specifically, Bufford claims the marijuana was res gestae evidence in support of his defense theory suggesting that the shooting had possibly been related to a bad drug deal.

### A. Relevance

¶31. "It is well-settled law that we will not overturn a trial judge's admission of evidence unless the admission amounts to an abuse of discretion." *Townsend v. State*, 933 So. 2d 986, 991 (¶13) (Miss. Ct. App. 2005). "The admission of res gestae evidence is largely left to the sound discretion of the trial judge." *Collins v. State*, 513 So. 2d 877, 879 (Miss. 1987).

¶32. Mississippi Rule of Evidence 401 provides: "'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" M.R.E. 403. "Rule 403 is the 'ultimate filter through which all otherwise admissible evidence must pass.'" *Flowers v. State*, 773 So. 2d 309, 318 (¶25)

10

(Miss. 2000). "Evidence which is not relevant is not admissible." M.R.E. 402.

¶33. Because the substance that Bufford claims was marijuana had not been tested and was found in someone else's car, the evidence did not have a tendency to make the existence of any fact more or less probable. This Court agrees with the trial court's determination that the evidence is irrelevant. Even if the evidence was relevant, the trial court properly excluded the evidence under Rule 403 so as to avoid misleading the jury. This issue is without merit.

### B. Theory of the Case

¶34. "[A] party has the right to have his theory of the case presented to the jury by instructions, provided there is credible evidence that supports that theory." *Splain v. Hines*, 609 So. 2d 1234, 1239 (Miss. 1992) (citation omitted).

¶35. The only evidence to support Bufford's theory suggesting that the shooting had possibly been related to a bad drug deal was not credible. This issue is without merit.

### III. Autopsy Report

¶36. In his final issue, Bufford claims it was a violation of his right to confrontation under the Sixth Amendment to the United States Constitution when evidence of Dr. Barnhart's autopsy report was admitted since Dr. Barnhart was not the medical examiner who performed Miller's autopsy.

¶37. "The standard of review for admission of evidence is abuse of discretion." *Brown v. State*, 999 So. 2d 853, 860 (¶14) (Miss. Ct. App. 2008) (quoting *Debrow v. State*, 972 So. 2d 550, 552 (¶6) (Miss. 2007)). "Constitutional issues are reviewed de novo." *Jenkins v. State*, 102 So. 3d 1063, 1065 (¶7) (Miss. 2012) (citing *Smith v. State*, 25 So. 3d 264, 269 (¶11)

11

(Miss. 2009)).

¶38.  "When the testifying witness is a court-accepted expert in the relevant field who participated in the analysis in some capacity, . . . then the testifying witness's testimony does not violate [the Confrontation Clause]." *Brown*, 999 So. 2d at 860 (¶14) (quoting *Debrow*, 972 So. 2d at 554 (¶14)).  Further, "[the Mississippi Supreme Court has held] that a supervisor, reviewer, or other analyst involved may testify in place of the primary analyst where that person was 'actively involved in the production of the report and had intimate knowledge of analyses even though he or she did not perform the tests firsthand.'" *Grim v. State*, 102 So. 3d 1073, 1081 (¶22) (Miss. 2012) (quoting *McGowen v. State*, 859 So. 2d 320, 340 (¶68) (Miss. 2003)).

¶39.  In *Brown*, "the analyst called to testify [at trial] was the laboratory manager, rather than the primary analyst who had performed the DNA tests at issue." *Jenkins*, 102 So. 3d at 1068 (¶16) (citing *Brown*, 999 So. 2d at 860).  "The analyst who had performed the DNA tests was not called to testify." *Id.*  "The testifying analyst had reviewed the work of the analyst who had performed the DNA tests, had conducted her own analysis of the testing, and had reached her own conclusions." *Id.*  This Court "held that the laboratory manager was 'sufficiently involved with the analysis and overall process so as to avoid violating Brown's Sixth Amendment right of confrontation.'" *Id.* at 1068-69 (¶16) (quoting *Brown*, 999 So. 2d at 861).

¶40.  In the instant case, Dr. Shaker was the medical examiner who performed Miller's autopsy.  After Dr. Shaker resigned from the medical examiner's office in November 2011,

12

Dr. Barnhart reviewed and completed over 100 of Dr. Shaker's remaining cases, including Miller's case. This involved reviewing Dr. Shaker's case notes and photographs. From this, Dr. Barnhart compiled an autopsy report from which she testified at trial.

¶41. Bufford claims his right to confrontation was violated since the medical examiner who actually performed the autopsy did not testify at trial. However, Dr. Barnhart, the medical examiner who did testify at trial, actively participated in the analysis, forming her own report based on Dr. Shaker's case notes and photographs as well as her own education and experience. This Court agrees with the trial court's determination that Dr. Barnhart was sufficiently involved with the analysis and overall process so as to avoid violating Bufford's right to confrontation. This issue is without merit.

¶42. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, MURDER, AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE FOR COUNT I AND TEN YEARS FOR COUNT II, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.**