# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CC-00948-COA

**JOHN HOFFMAN**                                              **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                    **APPELLEE**
**EMPLOYMENT SECURITY**

DATE OF JUDGMENT:                08/31/2022
TRIAL JUDGE:                     HON. RANDI PERESICH MUELLER
COURT FROM WHICH APPEALED:       HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          JOHN HOFFMAN (PRO SE)
ATTORNEY FOR APPELLEE:           ALBERT B. WHITE
NATURE OF THE CASE:              CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                     AFFIRMED - 10/10/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    A man applied for unemployment benefits, claiming he was unemployed as a result of the COVID-19 pandemic.  The Mississippi Department of Employment Security denied his application, finding he failed to provide adequate evidence of his employment.  Finding that the decision of the MDES was supported by substantial evidence, we affirm.

## BACKGROUND

¶2.    John Hoffman is a self-described freelance paralegal operating in Bay St. Louis, Mississippi. He filed a claim for Pandemic Unemployment Assistance (PUA) under the CARES Act,[1] stating he was self-employed but unable to work as a result of the COVID-19

_____

[1] 15 U.S.C. § 9021.

pandemic. The Department notified him it would allow several forms of "acceptable proof" to show unemployment status.

¶3. In July 2021, MDES notified Hoffman that he "did not timely provide proof or the documentation did not meet the requirements for proof." The Department ultimately "disallowed" Hoffman's eligibility for PUA benefits, effective December 27, 2020. MDES found he was not entitled to the $9,744 he received in benefits and was required to repay the balance.

¶4. Hoffman appealed MDES' order. At his hearing, Hoffman stated he submitted proof of his unemployment in a timely manner in the form of a bank statement. The Administrative Law Judge affirmed the decision. In its decision, the ALJ determined:

> Bank statements are acceptable proof of self-employment; however, the bank statements must be clear that deposits made were from work performed in employment or self-employment. The claimant's evidence is not clear regarding the deposits. The claimant did not provide proof of employment, self-employment, or documentation that the claimant was offered work and unable to begin due to the COVID-19 Pandemic.

¶5. Hoffman then appealed to the Hancock County Circuit Court. Attached to his filing was a document declaring he was self-employed, made on a form provided by MDES. The document declared Hoffman was a "self-employed paralegal" working an "average of 20 hours per week" conducting work such as research, filings, and paperwork generation. Hoffman also provided a judgment against an electric company.

¶6. In affirming, the circuit court held "Bank statements reflecting various deposits do not establish that the monies were from self-employment, only that deposits were made." The court further found it was not the date that the material was submitted but the "inadequacy

2

of the documentation that led to this conclusion."

¶7.    Aggrieved by the circuit court's decision, Hoffman appealed, and this case was assigned to us for review. We have reorganized his issues for clarity.

**DISCUSSION**

**I.    Hoffman failed to prove he was self-employed.**

¶8.    Hoffman contends he "complied with all of the requests of . . . MDES" by submitting three documents: a bank statement, an affidavit form that he was self-employed, and a judgment against an electric company.

¶9.    The standard of review in cases where this Court examines the circuit court's judgment affirming the Board's decision is abuse of discretion. *Cannon v. Miss. Dep't of Emp. Sec.*, 88 So. 3d 809, 811 (¶7) (Miss. Ct. App. 2012). Further, an agency's findings should not be disturbed unless its order is (1) not supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) violates the claimant's constitutional rights. *Id*.

¶10.   MDES provided clear guidelines for a claimant to support a claim for self-employment: "Evidence of self-employment may consist of the following documents: 1099 form, Income Tax Return, Business License, Federal ID Number, Business Receipts, Bank Statement(s), Cancelled Check(s), Affidavit." Hoffman did not provide these required documents.

¶11.   Hoffman argues the bank statement reflecting he generated over $35,000 in income is sufficient proof of his self-employment. However, as the ALJ stated in the well-detailed

3

order, "the deposits did not establish that the monies were from self-employment." Instead, the entries are listed in the account summary as "Deposit by Check," "Deposit," and "Withdrawal." Standing alone, these transactions do not provide any indication that they were used for anything related to self-employment. Without more information, there was no proof the funds were from employment of any kind, let alone self-employment. As the ALJ concluded, "[p]rinted bank statements without cancelled checks, written statements from employers, or copies of invoices, are not acceptable proof that deposits were made as a result of work performed while self-employed."

¶12.    Hoffman also offered a form declaring he was unemployed and a judgment as additional proof of his self-employment. But, "it is the role of the agency, in its expertise, to determine the weight of the evidence and the credibility of the witnesses." *Jackson Cnty. Bd. Sup'rs v. Miss. Emp. Sec. Comm'n*, 129 So. 3d 178, 183 (¶15) (Miss. 2013). The agency determined this was not acceptable proof, and Hoffman has failed to show why this was in error.

¶13.    Because the circuit court's ruling was supported by substantial evidence, we will not disturb its decision on appeal.

**II.    Hoffman's right to a fair hearing was not violated.**

¶14.    Hoffman also argues MDES did not give him a fair hearing and claims he was denied his right to confront his accusers as guaranteed by the 5th, 6th, and 14th Amendments.

¶15.    As this Court has recognized, the Confrontation Clause of the 6th Amendment guarantees a *criminal* defendant the right to "be confronted with the witnesses against him."

4

*Bufford v. State*, 191 So. 3d 755, 759 (¶13) (Miss. Ct. App. 2015). However, this right is primarily available to defendants in a criminal context, and Hoffman is the petitioner in a *civil* matter. Because this was not a criminal matter, the claim does not require reversal. *See Amerson v. Epps*, 63 So. 3d 1246, 1251 (¶14) (Miss. Ct. App. 2011) (concluding there was no right to confront the commissioner of the Department of Corrections in a civil matter); *Humphrey v. Holts*, No. 2021-CA-00046-COA, 2023 WL 2130809, at *5 (¶18) (Miss. Ct. App. Feb. 21, 2023) (finding the right to confrontation was not violated in a public-records proceeding as it was civil in nature); *but see* Miss. Code Ann. § 43-21-557(1)(e)(iv) (Rev. 2023) (granting the right to confront witnesses in certain youth court proceedings).

¶16. Hoffman also contends that his constitutional rights were violated because the ALJ was "not only acting as a judge presiding over the hearing but the ALJ was also representing the plaintiff at the hearing." Hoffman states the ALJ told him that "if Mr. Hoffman had any questions for an agent of the MDES that Mr. Hoffman would have to ask the ALJ." We affirm that the hearing was properly conducted.

¶17. Because of the inadequacy of the evidence provided by Hoffman that he was not given a fair hearing, we affirm on this issue.

### III. Hoffman is required to repay the overpayment amount.

¶18. In its "Notice of Nonmonetary Decision and Overpayment" decision, the MDES provides that "a claimant will be liable to repay Unemployment Insurance benefits received when the claimant was disqualified from receiving Unemployment Insurance benefits."

¶19. As defined in Mississippi Code Annotated section 71-5-19(4)(a)(iii) (Supp. 2019), an

"overpayment of benefits occurs when a person receives benefits . . . and is later found to be disqualified or ineligible for any reason, including, but not limited to, a determination or reversal by the department or the courts of a previous decision to award such person benefits." Further, under section 71-5-19(4)(b), "[a]ny person receiving an overpayment . . . shall be liable to repay to the department for the Unemployment Compensation Fund a sum equal to the overpayment amount so received by him[.]"

¶20. Because the statute requires repayment in this situation, "[o]ur hands are largely tied here because discretion whether to require repayment belongs to MDES, not this [C]ourt." *Owens v. Miss. Dep't of Emp. Sec.*, 135 So. 3d 943, 945 (¶5) (Miss. Ct. App. 2014). We affirm the ruling that Hoffman must repay the overpayment pursuant to state law.

## CONCLUSION

¶21. We find Hoffman failed to adequately prove he was self-employed. We also find Hoffman's hearing did not violate his constitutional rights. Lastly, the ALJ correctly found Hoffman is required to repay the overpayment amount.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**